IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PHH MORTGAGE CORPORATION, *Plaintiff,* vs. MARTHA A STOLOWSKI, SEAN M STOLOWSKI, *Defendants.* | §§§§§§§§§§§§ | 5:25-CV-00533-OLG-RBF |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Plaintiff PHH Mortgage's Motion for Default Judgment. *See* Dkt. No. 14 ("Motion" or "Mot."). This motion has been referred for resolution pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules of the United States District Court for the Western District of Texas. *See* Text Order, January 28, 2026. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Motion for Default Judgment, Dkt. No. 14, should be **GRANTED** as set forth herein.

**Factual and Procedural Background**

Plaintiff PHH Mortgage Corporation sued Martha A. and Sean M. Stolowski on May 14, 2025. *See* Dkt. No. 1 ("Complaint" or "Compl."). Through the Complaint, PHH Mortgage pleads claims against Martha for breach of contract and against both Martha and Sean for a declaratory judgment, all in connection with an allegedly defaulted mortgage loan. The pertinent facts alleged by PHH Mortgage in the Complaint are as follows.

On February 15, 2012, Timothy G. Stolowski, who is now deceased, and Defendant Martha Stolowski executed a Note payable to USAA Federal Savings Bank ("USAA") in the principal amount of $55,460.00 and bearing an annual interest rate of 4.0%. *Id.* ¶ 12; *see also* Dkt. No. 1-1 at 4-9 (Exh. B). To secure repayment of the Note, the borrowers contemporaneously executed a Deed of Trust that encumbers Defendants' real property at 4014 Skylark Ave. San Antonio, Texas 78210, more particularly described as:

> LOT THE NORTH 31.5 FEET OF LOT 16, ALL OF LOT 15, AND THE SOUTH 17.5 FEET OF LOT 14, BLOCK 14, NEW CITY BLOCK 7552, MISSION VIEW ADDITION, CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 105, PAGE 212-213, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

Compl. at 3 ¶ 13. The Deed of Trust was recorded in the Official Public Records of Bexar County, Texas, as Document No. 20120031084. *Id.* at 4 ¶ 13; *see also* Dkt. No. 1-1 at 10-30 (Exh. C). The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as designated nominee for USAA, its successors and assigns, and beneficiary under the Deed of Trust. Compl. ¶ 14. MERS transferred and assigned the Deed of Trust to PHH Mortgage on June 8, 2023. *Id.* The Corporate Assignment of the Deed of Trust was recorded in the Official Public Records of Bexar County, Texas, as Document No. 20230103667. *Id.*; *see also* Dkt. No. 1-1 at 31-33 (Exh. D). PHH Mortgage is therefore the current holder of the Note, beneficiary of the Deed of Trust, and is mortgagee of the overall loan agreement. Compl. ¶ 14.

Under the terms of the loan agreement, the borrowers were obligated to make monthly payments beginning on April 1, 2012, with a loan maturation date of March 1, 2042. *Id*. ¶ 15. Upon a default by the borrowers, including for nonpayment, the Note permits acceleration of its maturity date, which results in the remaining unpaid balance of the Note becoming immediately due and payable in full. *Id.*

Timothy G. Stolowski passed away on or about February 3, 2022. *Id.* ¶ 16. No probate was opened for his estate in Bexar County, Texas. *Id.* In the months following Timothy's death, payments ceased being made on the Note. *Id.* ¶ 17. The borrowers, therefore, are in default. *See id.*

On April 4, 2025, the borrowers were provided a notice of default and demand to pay the past-due amounts. *Id.*; *see also* Dkt. No. 1-1 at 34-40 (Exh. E). No payments have been made on the loan in the intervening months, the default has not been cured, and the maturity of the debt has been accelerated with the filing of this case. *See* Compl. ¶ 17 (citing *inter alia Alcala v. Deutsche Bank Nat'l Tr. Co.*, 684 F. App'x 436, 438-39 (5th Cir. 2017)). The loan is now past due, beginning with the payment due on May 1, 2023, and including all subsequent payments accrued. *Id.* ¶ 18.

PHH Mortgage retained a private investigator to perform an heir search to identify Timothy's heirs-at-law. *Id.* ¶ 19. That investigation revealed that Timothy G. Stolowski was married to Defendant Martha Stolowski. *Id.* The private investigator also found that Timothy had a child from a prior marriage, Defendant Sean Stolowski. *Id.* PHH Mortgage therefore filed its Complaint on May 14, 2025, to include Timothy G. Stolowski's heirs at law.

Through the Complaint, PHH Mortgage asserts claims against Martha for breach of contract and against Sean and Martha for declaratory relief regarding the enforcement of PHH Mortgage's alleged statutory probate lien. The Complaint seeks an order allowing non-judicial foreclosure of the property that secured the now-defaulted loan.

Both Defendants are in default. The summons and Complaint were personally served on Sean on July 9, 2025. *See* Dkt. No. 6. He failed to file an answer or other responsive pleading. The summons and Complaint were personally served on Martha on September 15, 2025. *See* Dkt. No. 11. She also has failed to answer. Upon PHH Mortgage's Motion, *see* Dkt. No. 12, the clerk entered

default against both Defendants on October 27, 2025. *See* Dkt. No. 13. PHH Mortgage then moved for a default judgment on December 18, 2025. *See* Mot.

**Analysis**

Rule 55(a) governs the entry of default judgment. *See* Fed. R. Civ. P. 55(a). "Default under Rule 55 is a two-step process: (1) the entry of default and (2) the subsequent entry of a default judgment." *Can Capital Asset Servicing, Inc. v. Huerta, Jr.*, No. 5:15-CV-01049-XR, 2016 WL 8223267, at *1 (W.D. Tex. Mar. 31, 2016) (citing *inter alia* Fed. R. Civ. P. 55). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default is entered, a party may ask the court to enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) ("An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). [] After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*." (emphasis in original)).

Through the Motion for Default, PHH Mortgage asks the Court to render default judgment against Defendants allowing it to enforce its lien on the property in question through non-judicial foreclosure, pursuant to the terms of the Note and Deed of Trust as well as Texas Property Code § 51.002. *See* Mot. ¶ 16. PHH Mortgage also requests a judgment against Defendants for an *in rem* interest in the property at issue, as well as reasonable and necessary attorney's fees based on the terms of the loan agreement executed by the borrowers. *Id.* ¶¶ 18, 19. In support of its Complaint and Motion for Default Judgment, PHH Mortgage submits the following evidence: (1) Bexar County, Texas Appraisal District's valuation of the property, Dkt. No. 1-1 at 1-3 (Exh. A); (2) the Note, Dkt. No. 1-1 at 4-9 (Exh. B); (3) Deed of Trust, Dkt. No. 1-1 at 10-30 (Exh. C); (4) Corporate

Assignment of the Deed of Trust to PHH Mortgage, Dkt. No. 1-1 at 31-33 (Exh. D); (5) Notice of Default, Dkt. No. 1-1 at 34-40 (Exh. E); and (6) a payoff statement, Dkt. No. 1-1 at 41-47 (Exh. F). To date, Defendants have not answered or otherwise appeared in the case.

**A. The Court Has Jurisdiction, and the Clerk Properly Entered Default.**

When a party is seeking entry of default judgment under Rule 55, the district court must examine its jurisdiction both over the subject matter and the parties, liability, and damages. *BSG Clearing Sols. N. Am., LLC v. Durham Tech., LLC*, No. 5:17-CV-1097-XR, 2018 WL 6219812, at *2 (W.D. Tex. Nov. 20, 2018) (quoting *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (internal quotation omitted)). Doing so here reveals that the Court has jurisdiction and that the Clerk's entry of default against Defendants is proper.

**1.** *The Court has subject matter jurisdiction to address the allegations in PHH Mortgage's Complaint*. Subject matter jurisdiction defines the court's authority to hear a given case. *United States v. Morton*, 467 U.S. 822, 828 (1984). A federal court has subject matter jurisdiction over a controversy when there is complete diversity between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *see also Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (defining complete diversity). A corporation is domiciled where it is incorporated and has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005).

According to the Complaint, PHH Mortgage is incorporated in New Jersey with its principal place of business in New Jersey. Compl. ¶ 5. PHH Mortgage is thus a citizen of New Jersey for diversity purposes. Defendants Martha and Sean Stolowoski are domiciled in Bexar County, Texas, and are therefore citizens of Texas for diversity purposes. *Id.* ¶¶ 6, 7. Accordingly, complete diversity exists between the parties.

When a plaintiff seeks declaratory relief, the amount in controversy is based on the "value of the object of the litigation[,]" *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019) (citation omitted), "the value of the right to be protected[,] or the extent of the injury to be prevented[,]" *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983) (citation omitted). PHH Mortgage alleges that the value of the property, pursuant to Bexar County, Texas Appraisal District, is $258,240.00. Compl. ¶ 9; *see also* Dkt. No. 1-1 at 2-3. Accordingly, the amount in controversy exceeds $75,000. PHH Mortgage has adequately pleaded diversity jurisdiction, and the Court therefore has subject matter jurisdiction over the Complaint.

**2.** *The Court has personal jurisdiction over Defendants*. PHH Mortgage alleges Defendants are Texas residents who reside in Bexar County. *See* Compl ¶¶ 6, 7. In addition, a plaintiff must submit evidence that the defendant has been properly served with a summons, complaint, and the default motion. *See James Avery Craftsman, Inc. v. Sam Moon Trading Enters., Ltd.*, No. 5:16-CV-000463-OLG, 2018 WL 4688778, at *3 (W.D. Tex. July 5, 2018) (citing *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649-51 (5th Cir. 1988); Fed. R. Civ. P. 55(a)). Without proper service, a court does not have personal jurisdiction over the defendant, and as a result, any default judgment is void. *Espinoza v. Humphries*, 44 F.4th 275, 276 (5th Cir. 2022) ("[A] district court must set aside a default judgment as void if it determines that it lacked personal jurisdiction over the defendant because of defective service of process." (citation and quotation marks omitted)).

PHH Mortgage has established proper service on Defendants. On July 9, 2025, PHH Mortgage claims to have served Sean Stolowski pursuant to Fed. R. Civ. P. 4(e)(2)(B) by personally serving a copy of the summons at Sean's residence or usual place of abode at 12520 Welcome Drive, San Antonio, Texas 78233. *See* Dkt. No. 14-1 ¶ 4 (citing Dkt. No. 6). Service

was accepted by Ramon Machado. *See* Dkt. No. 6 (affidavit of service); *see also* Dkt. No. 14-1 ¶ 4 (Plaintiff's counsel's declaration). The Complaint and Summons list Sean's address at 4638 La Marquesa Street, San Antonio, Texas, 78233. *See* Compl. ¶ 7; *see also* Dkt. No. 4 at 3. The process server therefore served process at an address not listed on the summons, nor included in the Complaint. Concerned that Sean was not properly served, the Court on June 9, 2026, ordered PHH Mortgage to file an advisory explaining the discrepancy between the address listed for Defendant Sean in the Summons, Dkt. No. 4 at 3, and Complaint, Dkt. No. 1 ¶ 7, on the one hand and the address listed in the Affidavit of Service, Dkt. No. 6 at 1, and Counsel's Declaration, Dkt. No. 14-1 ¶ 4, on the other hand. *See* Dkt. No. 15. PHH Mortgage filed an Advisory on June 10, 2026, and explained that prior to the filing of this lawsuit, counsel for PHH Mortgage conducted an Accurint search identifying both 4638 La Marquesa Street as well as 12520 Welcome Drive as active addresses for Defendant Sean. *See* Dkt. No. 16 ¶ 3. According to the Accurint Report, the address at 12520 Welcome Drive was owned by Sean's now-deceased mother, and the report further identifies Sean as the current resident. *Id.* ¶¶ 2, 5. The Advisory further identifies Ramon Machado, who accepted service on Sean's behalf, as Sean's stepfather. *Id.* ¶ 4. Based on the foregoing, PHH Mortgage properly served Defendant Sean Stowolski on July 9, 2025, pursuant to Fed. R. Civ. P. 4(e)(2)(B) by personally serving a copy of the summons at Sean's residence or usual place of abode. Sean's responsive pleading was therefore due on or before July 30, 2025. Fed. R. Civ. P. 12(a)(1)(A)(i); *see also* Dkt. No. 6.

PHH Mortgage, after being granted leave to serve out of time, *see* Dkt. No. 8, served Martha Stowolski on September 15, 2025, pursuant to Fed. R. Civ. P. 4(e)(2)(B) by personally serving a copy of the summons at Martha Stowolski's usual place of abode or residence, which is the property at issue in this case, 4014 Skylark Avenue, San Antonio, Texas 78210. *See* Dkt. Nos.

4, 11; *see also* Dkt. No. 14-1 ¶ 6 (Plaintiff's counsel's declaration). Martha's answer or other response to the Complaint was due on or before October 6, 2025. Fed. R. Civ. P. 12(a)(1)(A)(i); *see also* Dkt. No. 11.

The Motion for Default Judgment also includes a Certificate of Service attesting that Defendants were each served with a copy of the Motion via certified mail, return receipt requested. *See* Mot. at 5. Because Martha and Sean Stolowski are Texas residents served with process via in person delivery of the summons, complaint, and Motion for Default Judgment, the Court has personal jurisdiction over them.

The record reflects that, to date, Defendants have failed to answer or otherwise defend against PHH Mortgage's claims. The rules provide that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Accordingly, the Clerk's Entry of Default, Dkt. No. 13, was proper.

**B. A Default Judgment is Warranted.**

District courts are afforded discretion in determining whether to enter a default judgment. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Nonetheless, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (internal footnotes omitted). Accordingly, courts must carefully review the pleadings to ensure that a plaintiff is entitled to a default judgment. *See Nishimatsu Constr. Co. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). District Courts in the Fifth Circuit employ a three-part analysis to determine whether to grant a motion for default judgment, which assesses: (1) whether the entry of default is procedurally warranted, (2) the substantive merits of the plaintiff's claims

and whether there is a sufficient basis in the pleadings for the judgment, and (3) what form of relief, if any, a plaintiff should receive. *See e.g.*, *Alvarado Martinez v. Eltman L., P.C.*, 444 F.Supp.3d 748, 752 (N.D. Tex. 2020) (collecting cases); *Graham v. Coconut LLC*, No. 4:16-cv-00606-ALM, 2017 WL 2600318, at *1 (E.D. Tex. June 15, 2017) (citing *inter alia Lindsey*, 161 F.3d at 893; *Nishimatsu*, 515 F.2d at 1206)); *Progressive Cnty. Mut. Ins. Co. v. Rodriguez*, No. 1:23-cv-01465-RP, 2024 WL 5274529, at *1 (W.D. Tex. Sep. 10, 2024) (collecting cases).

**1.** *A default judgment is procedurally warranted*. To determine whether a default judgment is procedurally warranted, district courts in this Circuit consider the following factors: "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey*, 161 F.3d at 893 (citation omitted); *see e.g.*, *PNC Bank, Nat'l Ass'n v. Ruiz*, No. 1:15-CV-00770-RP, 2019 WL 9197584, at *2 (W.D. Tex. Jan 25, 2019).

On balance, the *Lindsey* factors weigh in favor of entering a default judgment against Defendants. First, there are no material facts in dispute. *See Nishimatsu*, 515 F.2d at 1207 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact" (citation omitted)). Indeed, Defendants' "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of the W. v. H & G Contractors Inc.*, No. 2:10-CV-00390-JGJ, 2011 WL 4738197, at *3 (S.D. Tex. Oct 5, 2011) (citing *inter alia Lindsey*, 161 F.3d at 893); *see also Ruiz*, 2019 WL 9197584, at *2 (stating that the Defendant's "failure to appear or participate since initial service . . . has prejudiced [Plaintiff's] interest in pursuing its claim for relief" (citation omitted)). The grounds for default are established;

despite effective service, Defendants have failed to appear or participate at any point in this litigation. *See* Dkt. No. 6 (Sean Stolowski's Summons Returned Executed); *see also* Dkt. No. 11 (Martha Stolowski's Summons Returned Executed). In addition, there is no evidence before the Court that indicates Defendants' failure to appear or defend is the result of good faith mistake or excusable neglect. *See Elite v. KNR Group,* 216 F.3d 1080, 2000 WL 729378, at *1 (5th Cir. May 19, 2000) (per curiam) (holding default judgment to be inappropriate where the defendant sent a letter to the court explaining that his failure to appear was due to "financial privation"). And a default judgment is not particularly harsh here. Defendants have had over a year to make an appearance and present their interests, and over eight months to respond to the Clerk's Entry of Default. *See* Dkt. No. 13. Finally, the Court is unaware of any facts that would obligate it to set aside the default if Defendants challenged it. Accordingly, a default judgment is procedurally warranted.

**2.** *PHH Mortgage's Complaint is sufficient to establish that it is entitled to relief.* A defendant's default concedes the truth of the allegations in the complaint concerning the defendant's liability. *United States ex rel. M-Co. Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). "[A] party," however, "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) (citation and internal quotation marks omitted). Rather, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F.2d at 1206.

When considering whether such a basis is presented, a court accepts as true the complaint's well-pleaded factual allegations—except regarding damages—and must determine whether those pleaded facts state a claim upon which relief may be granted. *See United States ex rel. M-Co. Constr., Inc.*, 814 F.2d at 1014 (citations omitted); *see also Nishimatsu*, 515 F.2d at 1206. In

determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 497-98 (5th Cir. 2015).

***PHH Mortgage is entitled to a default judgment on its breach-of-contract claim.*** The essential elements of a breach of contract claim under Texas law are: (1) the existence of a valid contract; (2) breach of the contract by the defendant; (3) performance or tendered performance by the plaintiff; and (4) damages sustained by the plaintiff as a result of the defendant's breach. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)). A breach occurs when a party fails or refuses to do something he has promised to do. *Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (citations omitted).

PHH Mortgage attaches to the Complaint a copy of the Note, Dkt. No. 1-1 at 4-9 (Exh. B), the Deed of Trust, Dkt. No. 1-1 at 10-30 (Exh. C), the assignment of the Deed of Trust to PHH Mortgage, Dkt. No. 1-1 at 31-33 (Exh. D), and the Notice of Default, Dkt. No. 1-1 at 34-40 (Exh. E). Through the Complaint, PHH Mortgage alleges that the borrowers, Defendant Martha Stolowski and Timothy Stolowski, entered into a binding contract via the Note and Deed of Trust (collectively referred to as "Loan Agreement"). Compl. ¶ 23 (citing Exh. B & Exh. C). Specifically, PHH Mortgage alleges that the borrowers executed a Note payable to USAA Federal Savings Bank and contemporaneously executed a Deed of Trust to secure repayment of the Note that encumbers the property. *Id.* ¶¶ 12, 13. PHH Mortgage goes on to allege that it is beneficiary of the Deed of Trust through assignment from MERS to PHH Mortgage. *See id.* ¶ 14; *see also* Dkt. No. 1-1 at 31-33 (Exh. D). PHH Mortgage alleges that Martha breached the terms of the Loan Agreement by failing to tender payments to PHH Mortgage in accordance with the payment

schedule agreed to under the terms of the Loan Agreement, and then again by failing to pay the full amount under the Loan Agreement as required upon default. *See* Compl. ¶¶ 24, 25; *see also* Dkt. No. 1-1 at 34-40 (Exh. E). Based on the foregoing, PHH Mortgage is entitled to default judgment against Defendant Martha Stolowski on its breach of contract claim.

***PHH Mortgage is entitled to non-judicial foreclosure of the property under the terms of the Loan Agreement, pursuant to Texas Property Code § 51.001.*** "To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) [the borrower is] in default under the note and security instrument; and (4) [the borrower] received notice of default and acceleration." *See Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013) (citing Tex. Prop. Code § 51.002), *aff'd per curiam*, 583 F. App'x 306 (5th Cir. 2014). Regarding the fourth requirement, Texas law mandates that two notices be sent, first a notice of default with a 20-day window for the borrower to cure, *see* Tex. Prop. Code. § 51.002(d), then a notice of sale at least 21 days before the date of the sale, *see id.* § 51.002(b). The specific terms of the Loan Agreement here required PHH Mortgage to provide at least 30-days' notice for Defendants to cure any default. *See* Dkt. No. 1-1 at 21.

The Complaint presents sufficient facts which, accepted as true, demonstrate that all elements necessary for an order authorizing foreclosure are met. PHH Mortgage shows that a debt exists, providing a copy of the Note, *see* Dkt. No. 1-1 at 4-9 (Exh. B), and the Deed of Trust, *see* Dkt. No. 1-1 at 10-30 (Exh. C), executed by the borrowers, Martha Stolowski and Timothy Stolowski, *see id.* at 24. PHH Mortgage also provides the assignment of the Deed of Trust from MERS to PHH Mortgage, *see* Dkt. No. 1-1 at 31-33 (Exh. D), showing that PHH Mortgage is the legal owner and holder of the Note. And the debt is secured by a lien on the property in question

under Article 16, § 50(a)(6) of the Texas Constitution because the borrowers executed a Deed of Trust, which was recorded in the Official Public Records of Bexar County as Document No. 20120031084. *See* Dkt. No. 1-1 at 10-30 (Exh. C), *see id.* at 24, 30. PHH Mortgage alleges that Defendants failed to make payments on the loan and are therefore in default. Compl. ¶¶ 17, 18.

PHH Mortgage provides evidence of the default through a calculation of overdue payments on the Note in the Notice of Default dated April 4, 2025, which was mailed to the borrowers at the property in question. *See* Dkt. No. 1-1 at 36, 37 (Exh. E). Defendants are further alleged to be the heirs-at-law of Timothy Stolowski. Compl. ¶ 19. Although PHH Mortgage did not provide a death certificate for Timothy Stolowski, it alleges in the Complaint that he has passed away, and the Court accepts this allegation as true in light of Defendants' default. *See Nishimatsu*, 515 F.2d at 1206; *see also e.g.*, *U.S. Bank Nat'l Ass'n v. Chase*, No. 5:19-CV-00229-M-BQ, 2020 WL 5048154, at *6 (N.D. Tex. Aug. 4, 2020) (citations omitted), *report and recommendation adopted,* 2020 WL 5038612 (N.D. Tex. Aug. 26, 2020). Because Timothy Stolowski is alleged to have died intestate, and no probate administration was ever opened in this case, Defendants Martha and Sean acquired Timothy's interests and debt in the subject property under Texas law. *See* Compl. ¶¶ 16, 19, 31; *see also* Tex. Est. Code §§ 101.001(b), 101.051(b)(1); *Wells Fargo Bank N.A. v. Hodges*, 4:21-CV-00410-SDJ-CAN, 2023 WL 2058705, at *7 (E.D. Tex. Jan 25, 2023) (collecting cases), *report and recommendation adopted*, 2023 WL 2403150 (E.D. Tex. Mar. 7, 2023). Defendants are therefore in default under the Loan Agreement.

Finally, PHH Mortgage has shown that the Notice of Default was provided in accordance with the Loan Agreement and the Texas Property Code. *See* Dkt. No. 1-1 at 21 (Exh. C); *see also* Tex. Prop. Code § 51.002(d). PHH Mortgage mailed the Notice of Default on April 4, 2025, via certified mail, *see* Dkt. No. 1-1 at 35, 36 (noting "Sent Via Certified Mail"), to the property in

question advising that the Mortgage or Deed of Trust, the security instrument, is in default and may be accelerated, *see id*. at 35-40. The Notice of Default states that PHH Mortgage will accelerate the sums owed by the Security Instrument and sale of the property if Defendants fail to cure the default, and further states that "[a]fter acceleration of the account, but prior to foreclosure, the mortgage account may be reinstated." *See id.* at 37. Written notice of the Notice of Default, sent via certified mail, is sufficient under Texas law.

PHH Mortgage did not send a Notice of Acceleration, but one was not needed. *See Alcala v. Deutsche Bank Nat'l Tr.. Co.*, 684 F. App'x 436, 438-39 (5th Cir. 2017) (stating, a notice of acceleration may take the form of the filing of an expedited application for foreclosure and citing *Burney v. Citigroup Glob. Mkts. Realty Corp.*, 244 S.W.3d 900, 903-04 (Tex. App.—Dallas 2008, no pet.)). Moreover, service of the Notice of Default on Defendant Sean Stolowski was not required. *See Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 856 (5th Cir. 2009) (per curiam) (Texas law requires only that the borrower receive valid notice of default, acceleration, and foreclosure; one who is not a party to the security instrument is not entitled to such notice).

In sum, PHH Mortgage has satisfied the requirements for a non-judicial foreclosure under Texas law. The allegations in the Complaint show that: (1) a debt exists; (2) the debt is secured by a lien; (3) Defendants are in default under the Loan Agreement; and (4) the required notices were provided as required by law. The necessary requirements of Texas Property Code § 51.002 to foreclose on a Security Instrument are met, and the pleadings establish a sufficient basis to enter a default judgment against Defendants. *See Bank of N.Y. Mellon Tr. Co., N.A. v. Kunkel*, No. 6:21-CV-00344-ADA-JCM, 2022 WL 17813179, at *5 (W.D. Tex. July 5, 2022), *report and recommendation adopted*, 2022 WL 17812833 (W.D. Tex. Sep. 15, 2022) (finding the pleadings

provide a sufficient basis for default judgment on substantially similar facts, where the original borrowers were alleged to be deceased and the bank seeks foreclosure against defendant-heirs).

***PHH Mortgage has a statutory probate lien against the property***. PHH Mortgage also seeks a declaration that it has a statutory probate lien under the terms of the Loan Agreement and Texas law. *See* Compl. ¶¶ 30-33. Under Texas law, "[s]ubject to [§] 101.051 . . . the estate of a person who dies intestate vests immediately in the person's heirs at law." Tex. Est. Code § 101.001(b). Moreover, "[a] decedent's estate vests in accordance with [§ 101.001(b)] subject to the payment of, and is still liable for: (1) the debts of the decedent[.]" Tex. Est. Code § 101.051(b)(1).

Here, and as stated above, PHH Mortgage alleges that Defendants are the decedent's heirs-at-law and thus the property at issue vested to Defendants upon Timothy's death. Compl. ¶ 19. Defendants are therefore liable for debts attached to the property. Because Defendants failed to respond to PHH Mortgage's Complaint, they consequently admitted the allegations in the Complaint. *See Nishimatsu*, 515 F.2d at 1206. Accordingly, PHH Mortgage holds a statutory probate lien on the property. *See Lakeview Loan Servicing, LLC v. Jones*, No. 1:25-CV-00356-ADA-DH, 2026 WL 538756, at *3-4 (W.D. Tex. Jan. 13, 2026), *report and recommendation adopted*, 2026 WL 528364 (W.D. Tex. Feb. 24, 2026).

**C. PHH Mortgage May Be Entitled to Fees and Costs at a Later Stage.**

PHH Mortgage requests damages "in an amount of at least of the payoff of the Loan Agreement[,]" *see* Compl. ¶ 38, as well as attorney's fees, *see id.* ¶ 39. Under Texas law, the prevailing party "may recover reasonable attorney's fees . . . in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." Tex. Civ. Prac. & Rem. Code § 38.001(b)(8). Texas law also presumes that "the usual and customary attorney's fees for a

[contract claim] are reasonable." *Id.* § 38.003. As the prevailing party, subject to the District Judge's adoption of the recommendation, PHH Mortgage is entitled to some affirmative relief, in the form of a declaratory judgment in its favor.

PHH Mortgage may be entitled to attorney's fees and costs. *See* Tex. Prop. Code Ann. § 53.156. But PHH Mortgage has not provided sufficient information for the Court to rule on such a request at this time. In the Motion, PHH Mortgage doesn't request any specific amount of fees and costs, nor does it provide an affidavit of counsel attesting to the reasonableness and necessity of the requested fees. *See* Fed. R. Civ. P. 54(d). Accordingly, the Court should deny PHH Mortgage's request for attorneys' fees and costs at this time, and should direct PHH Mortgage to file a subsequent motion for attorney's fees in accordance with Federal Rule of Civil Procedure 54(d)(2). As for costs, PHH Mortgage can recover its costs by submitting a proposed bill of costs according to Local Rule CV-54. *See* W.D. Tex. Loc. R. CV-54.

The Court imagines that upon the filing of a proper fees motion and bill of costs in the wake of the District Judge's Order adopting this Report and Recommendation, the Court will award fees and costs in the Judgment as a charge to the total debt owed and order that such award be collected against the subject property at foreclosure.

**Conclusion and Recommendation**

For the reasons discussed above, it is recommended that Plaintiff's Motion for Default Judgment, Dkt. No. 14, be **GRANTED**. Specifically, it is recommended that the District Judge

enter default judgment against Defendants and issue a declaratory judgment in PHH Mortgage's favor, declaring that:

(1) a default occurred on the Note executed by Borrowers, Martha Stolowski and Decedent Timothy Stolowski on or about April 4, 2025, and the amount of indebtedness remains due and unpaid;

(2) there is a Deed of Trust encumbering the Property located at 4014 Skylark Ave. San Antonio, Texas 78210 (the "Property"), more particularly described as:

> LOT THE NORTH 31.5 FEET OF LOT 16, ALL OF LOT 15, AND THE SOUTH 17.5 FEET OF LOT 14, BLOCK 14, NEW CITY BLOCK 7552, MISSION VIEW ADDITION, CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 105, PAGE 212-213, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS;

(3) the Deed of Trust signed by Decedent Timothy Stolowski and Martha Stolowski provides that PHH Mortgage, as the current owner of the Note and beneficiary of the Deed of Trust, has a lien security interest on the Property located at 4014 Skylark Ave. San Antonio, Texas 78210 in the event of default on the obligations of the Note;

(4) the requisite notices of default and acceleration were sent as required by the Deed of Trust and the Texas Property Code; and

(5) due to default on the Note, PHH Mortgage may enforce its *in rem* interest against the Property through non-judicial foreclosure of the Property, pursuant to the Deed of Trust and Texas Property Code § 51.002, by conducting a public auction in conjunction with all regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month.

It is further recommended that the District Judge **DENY WITHOUT PREJUDICE** PHH Mortgage's request for attorney's fees and costs. PHH Mortgage should be directed to file a

subsequent motion pursuant to Federal Rule of Civil Procedure 54(d)(2) and proposed bill of costs, subject to the Court's adoption of this recommendation.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

**SIGNED** this 13th day of July, 2026.



RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE